IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | Criminal Action No. RDB-12-00668 |
| MURAT AKSU, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Defendant Murat Aksu ("Aksu") is charged in a two-count indictment (1) of aiding and abetting marriage fraud in violation of 8 U.S.C. § 1325(c) and 18 U.S.C. § 2 and (2) of naturalization fraud in violation of 18 U.S.C. § 1425(a). Pending before this Court is co-Defendant Meltem Meral's Motion to Suppress Evidence (ECF No. 74) which Defendant Aksu has adopted. Meltem Meral has since pled guilty to a one-count information charging her with making a materially false statement to a government agency in violation of 18 U.S.C. § 1001. Defendant Aksu has not filed his own Motion to Suppress Evidence. On April 29, 2013, the parties appeared before this Court for a motions hearing and the Court heard oral arguments concerning this motion. For the reasons stated below, Defendant Meltem Meral's Motion to Suppress Evidence (ECF No. 74) as adopted by Defendant Murat Aksu is DENIED.

## BACKGROUND

Defendant Aksu is charged in Count I with aiding and abetting co-Defendant Meltem Meral, a Turkish citizen, and United States citizen J.A. to commit marriage fraud in violation of 8 U.S.C. § 1325(c) and 18 U.S.C. § 2. He is also charged in Count II with knowingly

1

procuring and obtaining for himself, a person not entitled to naturalization, naturalization as a citizen of the United States under 18 U.S.C. § 1425(a). According to the proffers of counsel during the April 29, 2013 motions hearing, Defendant Aksu is a Ph.D. candidate and a naturalized United States citizen who immigrated to this country from Turkey several years ago. At some point prior to Meltem Meral's marriage to J.A., she and Defendant Aksu were married and then divorced. Additionally, it is the government's contention that at the time of their arrest, Meltem Meral and Defendant Aksu were cohabitating. Upon executing the search warrant, the government proffers that it recovered several boxes from the home, some of which contained materials belonging to Defendant Aksu.

Defendant Aksu was indicted on December 2, 2012 along with Meltem Meral and Hakan Meral. Indictment, ECF No. 1. Hakan Meral has since pled guilty to aiding and abetting marriage fraud. Plea Agreement, ECF No. 84. Meltem Meral has pled guilty to a one-count information charging her with making a materially false statement to a government agency in violation of 18 U.S.C. § 1001. Plea Agreement, ECF No. 98.

## ANALYSIS

As indicated above, Defendant Murat Aksu ("Aksu") did not file his own Motion to Suppress Evidence but instead adopted the boilerplate motion concerning the same filed by co-Defendant Meltem Meral. As such, the motion seeks to suppress evidence obtained as a result of Defendant Aksu's arrest at Meltem Meral's home and any evidence concerning him recovered from his person at that time. Additionally, Defendant argues that the search of Meltem Meral's home was unlawful and that any evidence seized should be suppressed. At the hearing, Defendant Aksu submitted his arguments on the record. However, he did not

request an evidentiary hearing, nor did he dispute the search warrants' compliance with the particularity requirement.

In order to challenge a search warrant successfully under the Fourth Amendment, a defendant must have "a reasonable expectation of privacy" in the pace searched. *Rakas v. Illinois*, 439 U.S. 128, 143 (1978). The search warrant in this case was executed at the residence of co-Defendant Meltem Meral. During the hearing, the government conceded that it believed that Meltem Meral and Defendant Aksu were cohabitating at that time. Accordingly, the government conceded that Defendant Aksu had standing to challenge the search warrant.

When a defendant challenges a search warrant, the government bears the burden of proof by a preponderance of the evidence at a suppression hearing. *See United States v. Matlock*, 415 U.S. 164, 177-78 n.14 (1974). In reviewing the search warrant, this Court must show "great deference" to the probable cause determination of a magistrate judge. *United States v. Blackwood*, 913 F.2d 139, 142 (4th Cir. 1990). "[T]he task of the reviewing court is not to conduct a *de novo* determination of probable cause, but only to determine whether there is substantial evidence in the record supporting the magistrate's decision to issue the warrant." *United States v. Upton*, 466 U.S. 727, 728 (1984).

In this case, as mentioned above, Defendant Aksu did not request an evidentiary hearing and represented at the motions hearing that he did not need one. Moreover, the search warrant application was supported by an affidavit which Magistrate Judge Gauvey reviewed thoroughly before issuing the search warrant as demonstrated by the numerous interlineations figuring on the warrant application. Additionally, Defendant Aksu made no

3

argument as to lack of probable cause. Accordingly, this Court is satisfied that the search warrant is valid. Additionally, the search warrant satisfies the particularity requirement under which the description contained in the warrant must be "such that the officer with [the] search warrant can, with reasonable effort, ascertain and identify the place intended." *Steele v. United States*, 267 U.S. 498, 503 (1925). Finally, Defendant Aksu made no challenge as to the scope of the search and conceded that this is not a situation where the good faith exception established in *United States v. Leon*, 468 U.S. 897 (1984) even need apply. As a result, there is no basis for suppression of the evidence recovered pursuant to the search warrant in this case. Accordingly, Defendant Murat Aksu's Motion to Suppress Evidence is DENIED.

## CONCLUSION

For the reasons stated above, Defendant Meltem Meral's Motion to Suppress Evidence (ECF No. 74) as adopted by Defendant Murat Aksu is DENIED.

A separate Order follows.

Dated:   May 3, 2013			/s/_____
					Richard D. Bennett
					United States District Judge