IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | Criminal Action No. RDB-12-00668 |
| MURAT AKSU, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Pending before this Court are Defendant Murat Aksu's Motions for Acquittal (ECF No. 134) and for a New Trial (ECF No. 133) pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Defendant Murat Aksu's Motion for Acquittal (ECF No. 134) and Motion for New Trial (ECF No. 133) are DENIED.

BACKGROUND

On December 20, 2012, Defendant Murat Aksu ("Defendant" or "Murat") was charged in a two-count indictment with (1) aiding and abetting marriage fraud, in violation of 8 U.S.C. § 1325(c), and (2) naturalization fraud, in violation of 18 U.S.C. § 1425(c). With respect to Count One of the indictment, Aksu was charged of having aided and abetted his former wife and current life partner, Meltem Meral, to enter into a fraudulent marriage with Jeremy Aubin ("Aubin") for the purposes of obtaining immigration benefits. In Count Two,

1

Aksu was charged with fraudulently obtaining United States citizenship as a result of a sham marriage with Stacy Martin. The case against Defendant Aksu proceeded to trial before a jury of his peers on May 6, 2012.

Evidence presented at trial revealed, that Meltem Meral and Aksu, both Turkish nationals, were first married in Turkey in 2002. They subsequently divorced in early 2003 but later traveled to the United States together in March 2003. They then remarried in New York in August 2004 and ultimately obtained an annulment of this union in December 2004. Nevertheless, evidence introduced at trial, including numerous photographs, demonstrated that their relationship continued thereafter. Moreover, at the time of their arrest, Aksu and Meltem Meral were cohabitating.

During the trial, Jeremy Aubin testified that he and Aksu met while working together at Papa John's. Aubin explained that Aksu introduced him to Meltem Meral in mid-2008 and asked him to marry her in order to help her obtain immigration status and avoid deportation. Aubin testified that he felt bad for Meltem Meral and therefore married her. He also testified that he received payment, in the form of automatic car payments, for entering this union. Additionally, Aubin stated that Aksu actively participated in the marriage arrangements and established Aubin's joint bank account with Meltem Meral. Specifically, he claimed that Aksu asked him for the account information to arrange the car payments and that Meltem Meral was unemployed at the time more than $2,000 were deposited into the account from which the car payments were automatically debited.

2

At the conclusion of the Government's case and again at the conclusion of all the evidence, this Court denied Defendant's Motion pursuant to Rule 29 of the Federal Rules of Criminal Procedure as to Count One.  With respect to Count Two, this Court denied Defendant's Rule 29 Motion at the conclusion of the Government's case.  However, at the conclusion of all the evidence, this Court granted Defendant's renewed Rule 29.  As such, the case against Aksu proceeded to the jury solely with respect to Count One.  Appropriately, the Court gave the jury no explanation as to Count Two and the jury was told not to speculate as to why Count Two was not before them for consideration during jury deliberations.  On May 9, 2013, the jury returned a verdict of guilty on Count One of the indictment against Defendant Aksu.

## STANDARD OF REVIEW

### I. Motion for Judgment of Acquittal

Pursuant to Rule 29 of the Federal Rules of Criminal Procedure, a court must enter a judgment of acquittal of any offense "for which the evidence is insufficient to sustain a conviction." FED. R. CRIM. P. 29(a).  A jury verdict must be sustained, however, if there is substantial evidence to support it, viewing the facts in a light most favorable to the Government.  *Evans v. United States*, 504 U.S. 255, 257 (1992) (citing *Glasser v. United States,* 315 U.S. 60, 80 (1942)).  The United States Court of Appeals for the Fourth Circuit has "defined 'substantial evidence' as 'evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.' " *United States v. Smith*, 451 F.3d 209, 216 (4th Cir.), *cert. denied,* 549 U.S. 892 (2006)

(citation omitted). In determining whether there is substantial evidence, this Court "must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982).

This Court "can reverse a conviction on insufficiency grounds only when the 'prosecution's failure is clear.'" *United States v. Moye*, 454 F.3d 390, 394 (4th Cir.), *cert. denied,* 549 U.S. 983 (2006) (citation omitted). Indeed, if "any rational trier of fact could have found the elements of the crime beyond a reasonable doubt," the conviction must be sustained. *United States v. Murphy*, 35 F.3d 143, 148 (4th Cir. 1994) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Where the evidence presented at trial could support "different, reasonable interpretations, the jury decides which interpretation to believe." *Id.* (quoting *United States v. Garcia*, 868 F.2d 114, 116 (4th Cir.), *cert denied,* 490 U.S. 1094 (1989)).

## II. Motion for New Trial

Rule 33 of the Federal Rules of Criminal Procedure states that a district court may vacate a judgment and grant a new trial upon the motion of a defendant "if the interest of justice so requires." FED. R. CRIM. P. 33(a). Rule 33 motions may be based on either (1) newly discovered evidence or (2) "other grounds." FED. R. CRIM. P. 33(b). Where "other grounds" are invoked, the defendant must show an "error of sufficient magnitude to require reversal on appeal." *United States v. Wall*, 389 F.3d 457, 474 (5th Cir. 2004) (quoting CHARLES A. WRIGHT *et al.*, FEDERAL PRACTICE & PROCEDURE § 556 (3d ed. 2004)). A new trial will not be granted on the basis of a "harmless error." *See* FED. R. CRIM. P. 52(a). An

error is harmless if "[it is] clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." *Neder v. United States*, 527 U.S. 1, 18 (1999).

A new trial is a drastic remedy, intended for a rare case. The Court of Appeals for the Fourth Circuit has cautioned that a district court should exercise its discretion in this area "sparingly" and that it should grant a new trial "only when the evidence weighs heavily against the verdict." *United States v. Perry*, 335 F.3d 316, 320 (4th Cir. 2003) (quoting *United States v. Wilson*, 118 F.3d 228, 237 (4th Cir. 1997)). A new trial should be granted only if "it would be a miscarriage of justice to let the verdict stand." *United States v. Robertson*, 110 F.3d 1113, 1118 (5th Cir. 1997); *see also United States v. Arrington*, 757 F.2d 1484, 1485 (4th Cir. 1985).

## ANALYSIS

### I. Defendant's Motion for Judgment of Acquittal (ECF No. 134)

Defendant Murat Aksu ("Defendant" or "Murat") contends that he is entitled to a judgment of acquittal as to Count One of the indictment charging him with aiding and abetting marriage fraud in violation of 18 U.S.C. § 1325(c). Specifically, Defendant claims that there was insufficient evidence upon which a juror could rationally determine that he knowingly aided and abetted Jeremy Aubin and Meltem Meral to commit marriage fraud. Defendant argues that Aubin testified that his Papa John's salary was directly deposited in the same joint account from which the car payments were made. Additionally, Defendant contends that in a statement to Immigration Services, Aubin wrote that it was Meltem Meral who paid him for marrying her. Finally, Defendant notes that while on the stand he denied

(1) having said to Aubin that Meltem Meral needed a husband to obtain immigration status, and (2) setting up any bank account for Aubin or making payments to purchase Aubin's vehicle.

To prove the aiding and abetting marriage fraud charge, the Government had to establish that (1) Aksu knowingly aided and abetted Meltem Meral to marry, Jeremy Aubin, a United States citizen; (2) the marriage was entered into for the purpose of evading a provision of the United States immigration laws; and (3) Aksu knew of said purpose of the marriage and had reason to know that his conduct was unlawful. *See* 8 U.S.C. § 1325(c); 18 U.S.C. § 2; *United States v. Dyugaev*, 434 Fed. App'x 810, 812 (4th Cir. 2011). This Court "can reverse a conviction on insufficiency grounds only when the 'prosecution's failure is clear.'" *United States v. Moye*, 454 F.3d 390, 394 (4th Cir.), *cert. denied,* 549 U.S. 983 (2006) (citation omitted). Indeed, if "any rational trier of fact could have found the elements of the crime beyond a reasonable doubt," the conviction must be sustained. *United States v. Murphy*, 35 F.3d 143, 148 (4th Cir. 1994) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Moreover, the United States Court of Appeals for the Fourth Circuit has held that "[i]n reviewing the sufficiency of the evidence, we are not entitled to weigh the evidence or to assess the credibility of witnesses, 'but must assume that the jury resolved all contradictions . . . in favor of the Government.'" *United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998), *overruled on other grounds as recognized in United States v. Strassini*, 59 Fed. App'x 550, 552 (4th Cir. 2003) (citing *United States v. United Med. & Surgical Supply Corp.*, 989 F.2d 1390, 1402 (4th Cir. 1993)).

During the trial, Jeremy Aubin testified that he was approached by Aksu and asked to marry Meltem Meral in order for her to avoid deportation and obtain immigration benefits. Jeremy Aubin further testified that he received payment for entering into the union in the form of automatic car payments. Additionally, Aubin testified that Aksu participated in making the marriage arrangements as well as assisted in creating the joint bank account for Aubin and Meltem Meral. That testimony alone is substantial evidence of aiding and abetting marriage fraud. The Defendant has not identified a "clear failure" on the part of the prosecution. It is without dispute that some "rational trier of fact could have found the elements of the [crime] beyond a reasonable doubt." *United States v. Murphy*, 35 F.3d 143, 148 (4th Cir. 1994). Moreover, it was Defendant himself who placed his credibility on the line by testifying. The jury conviction and verdict demonstrated who the jury chose to believe and this Court "must assume that the jury resolved all contradictions." *Romer*, 148 F.3d at 364 (citation omitted). Accordingly, Defendant's Motion for Acquittal as to Count One is DENIED.

## II. Defendant's Motion for a New Trial (ECF No. 133)

With respect to this motion, Defendant Aksu contends that had his Rule 29 motion with respect to Count Two been granted at the close of the Government's case-in-chief, certain evidence introduced during the Defendant's case would not have been introduced. Additionally, Aksu claims that he was prejudiced by the evidence introduced to defend against Count Two because the questions of the jury during deliberations on Count One

indicated that the jury was confused and overemphasized evidence that would not have been before it had the Rule 29 motion been granted.

Rule 33 of the Federal Rules of Criminal Procedure states that a district court may vacate a judgment and grant a new trial upon the motion of a defendant "if the interest of justice so requires." FED. R. CRIM. P. 33(a). Rule 33 motions may be based on either (1) newly discovered evidence or (2) "other grounds." FED. R. CRIM. P. 33(b). When a defendant seeks a new trial on "other grounds," he must show an "error of sufficient magnitude to require reversal on appeal." *United States v. Wall*, 389 F.3d 457, 474 (5th Cir. 2004) (citation omitted). However, harmless errors will not result in a new trial. An error is harmless if "[it is] clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." *Neder v. United States*, 527 U.S. 1, 18 (1999).

In this case, Defendant seeks a new trial under "other grounds." Defendant generally alleges that the jury had before it evidence that would not have been introduced had Count Two been dismissed after the conclusion of the government's case-in-chief. Defendant also contends that between the conclusion of the Government's case and that of the defense's case, nothing changed. Nevertheless, the Defendant forgets to acknowledge that at the conclusion of the Government's case-in-chief, it had met its burden to prove beyond a reasonable doubt that Defendant Aksu had committed naturalization fraud. Specifically, Aubin and another witness testified that Aksu had admitted that his own marriage, the one through which he obtained citizenship, was a fraud entered into for the purpose of evading immigration laws. Defendant Aksu put his own credibility at issue by testifying and the bulk

of the evidence introduced concerning his marriage related to his own credibility. Ultimately, it is Defendant's testimony and evidence introduced by him that successfully rebutted the Government's evidence as to Count Two. Accordingly, the Court granted Defendant's Rule 29 with respect to Count Two at the conclusion of all the evidence. Additionally, the Court appropriately instructed the jury not to speculate with respect to Count Two and its dismissal. Furthermore, contrarily to Defendant's assertion, the jury questions do not evince any confusion or overemphasis of evidence. Finally, even if Count Two had been dismissed at the end of the Government's case, it is clear "beyond a reasonable doubt that a rational jury would have found the defendant guilty" of Count One. *Neder*, 527 U.S. at 18. As a result, Defendant's Motion for a New Trial is DENIED.

## CONCLUSION

For the reasons stated above, Defendant Murat Aksu's Motion for Acquittal (ECF No. 134) is DENIED. Additionally, Defendant Murat Aksu's Motion for New Trial (ECF No. 133) is DENIED.

A separate Order follows.

Dated: July 2, 2013 /s/_____
　　　　　　　　　　　　　　　　　　Richard D. Bennett
　　　　　　　　　　　　　　　　　　United States District Judge